ORFINGER, J.
 

 John E. Folden appeals his conviction of refusing to submit to a breath test.
 
 [1]
 
 Fol-den contends that the State failed to prove that his driving privilege had previously been suspended for refusing to submit to a breath test as required by section 316.1939, Florida Statutes (2008). The State properly concedes error and we reverse.
 

 Refusal to submit to a breath test is a misdemeanor if the defendant’s driving privilege had previously been suspended for refusing to submit to a lawful test of the defendant’s breath, urine or blood.
 
 See
 
 § 316.1939, Fla. Stat. (2008). To prove the defendant’s prior license suspension for refusing to submit to a breath test, the State submitted Folden’s certified driving record (CDR), and suggested that the notation found on the CDR of “BAL unknown” meant that Folden had previously refused to submit to a breath test. No other evidence of a prior refusal was offered. The State concedes that the “BAL unknown” on the CDR does not establish beyond a reasonable doubt that Folden previously refused to submit to a breath test.
 
 [2]
 

 Accordingly, we reverse Folden’s conviction. However, as Folden recognizes, the evidence adequately demonstrates that he was advised of his obligation to submit to a breath test and refused. As such, on remand, the trial court shall forward a copy of this opinion to the Department of Highway Safety and Motor Vehicles to suspend Folden’s license if it deems appropriate.
 
 See
 
 §§ 322.2615, 316.1932(l)(a), Fla. Stat. (2008).
 

 REVERSED AND REMANDED.
 

 EVANDER and COHEN, JJ., concur.
 

 [1]
 

 . Folden was acquitted of felony driving under the influence.
 

 [2]
 

 . We commend the State for its candor.